# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 15-348

BAYOU ESTATES DEVELOPMENT, INC.

VERSUS

CLARENCE BURTON AND
BURTON TRUCKING SERVICE, INC.

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 75554-A
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Sylvia R. Cooks, James T. Genovese, and John E. Conery, Judges.

**AFFIRMED.**

Clarence Burton, Sr., Pro Se
Burton Trucking Service, Inc.
6349 Kincaid Avenue
Baton Rouge, Louisiana 70805
(225) 329-5439
PLAINTIFFS/APPELLANTS

**Thomas L. Mahfouz**
**Mahfouz Law Firm L.L.C.**
**Post Office Box 2526**
**1025 N. Victor II Boulevard, Suite P**
**Inglewood Mall**
**Morgan City, Louisiana 70380**
**(985) 384-1833**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Bayou Estates Development, Inc.**

**GENOVESE, Judge.**

In this matter arising from a lease of immovable property, Defendants/Lessees, Clarence Burton, Sr.[1] and Burton Trucking Service, Inc., appeal the trial court's judgment in favor of Plaintiff/Lessor, Bayou Estates Development, Inc., in the amount of $59,116.43 and the award of ownership of a 2001 Tank/Vacuum Trailer. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Bayou Estates Development, Inc. (Bayou), instituted this litigation by filing a Petition for Damages, Past Due Rent, and for Writ of Sequestration, naming Clarence Burton and Burton Trucking Service, Inc. (Burton Trucking) as Defendants. Bayou, as lessor of certain immovable property located in St. Martin Parish, sought a judgment against Mr. Burton and Burton Trucking, lessees, for past due rent, damage to the property, legal interest and costs, and for recognition of its writ of sequestration relative to a 2001 Tank/Vacuum Trailer. Mr. Burton and Burton Trucking reconvened against Bayou and Larry Doiron, Sr., individually and as the owner/principal in Bayou, asserting therein an illegal seizure of property and requesting that the trial court vacate the order of sequestration and award damages and attorney fees.

Following a trial on the merits, the trial court rendered judgment in favor of Bayou against Mr. Burton and Burton Trucking for $59,116.43, plus interest and costs, and granted the writ of sequestration and awarded ownership of the 2001 Tank/Vacuum Trailer to Bayou. On the reconventional demand, the trial court

_____

[1]It is undisputed that Clarence Burton, sometimes referred to as Clarence Burton, Sr., is the same individual.

held that Mr. Burton and Burton Trucking failed in their burden of proving entitlement to the relief sought, and their claims were dismissed.

## ISSUES ON APPEAL[2]

Mr. Burton and Burton Trucking present the following Issues on Appeal for our review:

1.  Did the 16th Judicial District Court err in not conducting an evidentiary hearing to determine whether or not Appellant's (business) vaccum [sic] truck was illegally seized by [Bayou]?

2.  Does the record support the conclusion that Burton Trucking Company and/or Clarence Burton owed rental payments to [Bayou] beyond April 2008?

3.  Does the record support the conclusion that Burton Trucking Company and/or Clarence Burton owed renal [sic] payments in the amount of $510[.00]?

4.  Did the District Court Judgment improperly "grandfather" Appellant's work vaccum [sic] truck into a writ of sequestration in that Appellant's truck was taken and seized without judicial authority?

5.  District Court Judge erred in admitting financial records to support past due verbal rental payments on behalf of [Bayou].

6.  Judgment null and void awarding [Bayou] back rent and money for property damage, no record of "Resolution" authorizing challenged law suit, no record of contractual obligation to [Bayou] from Clarence Burton, Sr. and/or Burton Trucking Company.

7.  District Court committed reversible error in finding that a contract existed, thereafter, that[] pursuant to that contract Appellant is liable for property damage.

8.  District Court committed reversible error where the court sustained a claim for property damage where no clear contract

---

[2]Mr. Burton and Burton Trucking were represented by counsel at the trial of this matter. However, in brief to this court, Mr. Burton, appears pro se on his own behalf and presumably on behalf of Burton Trucking, presenting "Issues on Appeal" for our review without any assignments of error.

established, [n]o theory of when the loss began or the extent of loss.

## LAW AND DISCUSSION

Although the Issues on Appeal do not all correspond to the law and argument presented in the pro se brief, Mr. Burton and Burton Trucking argue to this court as follows:

Appellants['] appeal centers on whether or not Burton Trucking Company and/or Clarence Burton owed a continued [sic] legal obligation for an alleged verbal contract for rental property beyond the period ending sometime in 2008, and further, whether or not the record supports a rental and damage award for the amount adjudged by the district court in the amount of $59,116.43[.] [A]dditionally, whether the district court erred in not conducting an evidentiary hearing to determine [the] legality of the seizure of Appellant's work vacuum truck by [Bayou] without a court order or authority to seize Appelant's [sic] truck.

At the outset, we note that in Issue on Appeal number six, Mr. Burton and Burton Trucking assert that the judgment rendered by the district court is "null and void" since the record does not contain a "'Resolution' authorizing [the] challenged [lawsuit,]" for the recovery of unpaid rent and property damage.[3] On this purported error, Mr. Burton and Burton Trucking argue that "there is nothing in the record of the [lawsuit] nor trial which supports [the] authority of [Bayou] to bring [the lawsuit]" against them, citing in support of their contention La.R.S. 12:1–128, the Business Corporation Act. We find that the cited authority is wholly irrelevant to the issue raised herein and, consequently, without merit.

---

[3]As phrased, Issue on Appeal number six also asserts that there is "no record of contractual obligation" between Bayou and Mr. Burton and Burton Trucking. For reasons discussed below, we find no merit to this contention as even Mr. Burton and Burton Trucking concede that there was a verbal agreement between the parties.

**PAST DUE RENT**

In 1998, Bayou, through its President, Larry Doiron, Sr., entered into a verbal contract with Mr. Burton, individually and on behalf of Burton Trucking, for the lease of property located in Morgan City, Louisiana, which was owned by Bayou. Pursuant to the agreement, Mr. Burton made monthly rental payments to Bayou until April 2008. In its original demand filed October 2009, Bayou sought back due rent allegedly owed by Mr. Burton and Burton Trucking.

For the reasons identified in Issues on Appeal numbers two, three, and five, Mr. Burton and Burton Trucking contest the amount and duration of the past due rent award. Generally, they argue that "there was only a verbal agreement that money in the amount of (at most) $275[.00] at most $310[.00] would be paid for rental of [the] old building that [Mr. Doiron] owned."[4] Further, they contend that any rental obligations ceased "sometime in 2008" when they vacated the premises. Mr. Burton and Burton Trucking also contend that Mr. Doiron subsequently permitted two other individuals to do business on the property, and it is they who are responsible for any unpaid rent after 2008.

The evidence establishes a verbal lease agreement[5] between Mr. Doiron, on behalf of Bayou, and Mr. Burton, individually and on behalf of Burton Trucking, beginning in 1998. Originally, the monthly rental was $275.00 per month. It was later increased to $385.00, and subsequently to $510.00 per month. According to Mr. Burton's own testimony, he abandoned the premises in May or June 2008, and

---

[4]Although Mr. Burton and Burton Trucking discuss a "verbal agreement" between the parties, in brief, they maintain that there was no contract between the parties, presumably referring to the absence of a written contract.

[5]Louisiana Civil Code Article 2681 expressly provides that "[a] lease may be made orally or in writing." In the absence of an agreement between the parties, the duration of a lease of immovable property is "from month to month." La.Civ.Code art. 2680.

he did not make any rental payments thereafter. Although Mr. Burton testified that after he vacated the premises, two other individuals were to assume the lease, Bayou had no notice of this alleged agreement, and it did not consent to it. The evidence established that the last rental payment received by Bayou was a payment made April 19, 2008, in the amount of $1,070.00, which was payment for February and March 2008.

We note that Mr. Burton and Burton Trucking argue that in reaching its determination on the amount of past due rent owed, the trial court "erred in admitting financial records to support past due verbal rental payments[.]" The purported error of the trial court is unclear; however, Mr. Burton and Burton Trucking argue that "scattered non-cogent financial records" were introduced and that there was a lack of "proper foundation." Additionally, they contend that "the record presents with numerous conflicts in testimony regarding financial records" and that the evidence was somehow deficient. We have considered the contentions raised, and we have reviewed the trial transcript. Having done so, we conclude that at the heart of these complaints is simply a factual dispute by Mr. Burton and Burton Trucking with the documentation which does not raise a valid evidentiary issue on appeal. Frances Doiron, the wife of Larry Doiron and the secretary/treasurer of Bayou, explained that the records were kept by her in the course of Bayou's business. The mere fact that Mr. Burton and/or Burton Trucking dispute the accuracy or completeness of the financial records does not render them inadmissible. Mrs. Doiron testified at trial and was subject to cross-examination relative to the financial records. The validity and accuracy of the financial records amounted to a credibility determination, and the trial court sided

5

with Mrs. Doiron. We agree with the trial court and find no merit to these contentions.

Considering that Mr. Burton and Burton Trucking are no longer represented by legal counsel, we expressly note that they devote significant discussion in brief to factual determinations with which they disagree. However, the trial court was presented with the evidence and, in some instances, was called upon to make credibility determinations in weighing that evidence. When a decision of a trial court is reasonable in light of the record, there is no manifest error, and an appellate court may not reverse even if it would have weighed the evidence differently. *Melder v. Brookshire's Grocery Co.*, 14-669 (La.App. 3 Cir. 12/10/14), 154 So.3d 781.

Additionally, although Mr. Burton and Burton Trucking urge this court to reverse "the judgment of back rent in the amount of $21,935.00[,]" clearly, this amount was not awarded by the trial court to Bayou for back due rent. Though this amount of damages comprising back due rent was sought by Bayou,[6] it is clear from the record that the trial court did not find that Bayou was entitled to an award of past due rent for this entire time period. Specifically, with respect to the claim for past due past due rent, in its written reasons, the trial court stated that Bayou, "having failed after evicting [Mr.] Burton and [Burton] Trucking to clean up the premises so they could rent it[,] prevents them from recovering the loss [sic] due rent **from the notice to vacate through the trial**." (emphasis added). Therefore, clearly, the $59,116.43 in globo award contained in the judgment does not include a past due rental portion totaling $21,935.00. Although the trial court

---

[6]This amount of back due rent was computed by Bayou based upon rent of $510.00 per month, plus a $25.00 per month late fee, from April 2008 through August 2011, the date of trial.

6

acknowledged a limitation on the amount of past due rent recoverable by Bayou, based upon the record, it does not appear that the court in fact awarded **any** amount of past due rent.

The language used by Bayou, in its brief to this court, supports this conclusion. Specifically, Bayou states that the trial court held that it "was entitled to a Judgment against CLARENCE BURTON and BURTON TRUCKING SERVICE, INC.[,] in the amount of $59,116.43, with legal interest and court costs, **for the cost of the cleanup and removal of the tanks, liquids[,] and other items on the property involved in this lawsuit**." (emphasis added). It is logical, therefore, that the $59,116.43 award constitutes an award for property damage only, since this figure corresponds to the amount of property damage identified by the trial court in its written reasons ($3,116.43[7] plus $56,000.00).

In conclusion, the trial court did not award Bayou past due rent totaling $21,935.00, as asserted by Mr. Burton and Burton Trucking. Thus, we find no merit to the issues on appeal raised by them with respect to back due rental payments.

**PROPERTY DAMAGE**

In its original claims, in addition to back due rent, Bayou sought damages for costs it incurred in the cleanup of the property after Mr. Burton and Burton Trucking left the premises and left behind tanks containing unknown liquid contents, concrete, barrels, trash, and other various items. The trial court ruled in favor of Bayou on its claim for property damage, and Mr. Burton and Burton Trucking assert error in the trial court's ruling.

---

[7]For reasons more fully explained below, this court does note a mathematical error in the trial court's calculation of $3,116.43. However, this error is actually to the detriment of Bayou, and, since Bayou has not filed an answer to appeal, this court is not permitted to address same.

As set forth in Issues on Appeal numbers seven and eight, Mr. Burton and Burton Trucking address the award for property damage and cleanup costs to Bayou. Again, Mr. Burton and Burton Trucking argue that the trial court erred "in finding that a contract existed" in the first instance. Mr. Burton and Burton Trucking seemingly harbor the misconception that there must have been a written contract between the parties and/or that it must contain provisions for liability for property damage. Such is not the law. Louisiana Civil Code Article 2683 provides, in part, that a "lessee is bound . . . [t]o return the thing at the end of the lease in a condition that is the same as it was when the thing was delivered to him, except for normal wear and tear . . . ." Accordingly, Mr. Burton and Burton Trucking had a legal obligation with respect to any cleanup of the premises or any property damage caused to the leased property despite the absence of a written contract containing any such express provisions. Therefore, we can only consider whether Bayou proved any alleged loss due to required cleaning or any property damage to the leased premises.

Mr. and Mrs. Doiron both testified concerning the condition of the property at the inception of the lease. Photographs of the property showing the condition it was in and the items that remained thereon after Mr. Burton and Burton Trucking left the premises were also introduced.[8] It was established that the items remaining on the leased premises, including tanks, a vehicle, concrete, barrels, and other sundry items belonging to Mr. Burton and Burton Trucking, were left by them on

---

[8]The record reflects that counsel for Mr. Burton and Burton Trucking did object to the introduction of the photographs at trial; however, when Mr. Burton was shown the photographs, he personally testified that the items depicted in the photographs were placed on the property by him and that they remained on the property when he abandoned the premises. Additionally, Mrs. Doiron identified the pictures and testified that they accurately reflected the condition of the property. Thus, to the extent that Mr. Burton and Burton Trucking contest the admissibility of the photographs, we find no error with respect to same.

the property when they abandoned same. It was thereby proven that Mr. Burton and Burton Trucking failed to leave the property in the condition that it was in when it was delivered to them pursuant to La.Civ.Code art. 2683.

Regarding expenses incurred by Bayou to effectuate the cleanup of the property, Mr. Doiron testified and gave specifics about the condition of the property and what was required to clean it up. He explained that there were barrels that remained on the premises containing unknown liquids. Beginning in 2009, Bayou hired American Vacuum to perform cleanup work on the property, thereby incurring charges of $814.39, $1,208.87, $1,175.17, and $318.00. Checks documenting these expenditures were introduced into evidence and established that Bayou incurred cleanup costs originally totaling $3,516.43. Additionally, Mr. Doiron explained that because of his inability to clear the remainder of the property, he obtained an estimate for the remaining necessary cleanup from ES&H Company totaling $56,000.00. This estimate for the cleanup of the property in an amount of $56,000.00 was admitted into evidence without objection. Therefore, the evidence established a total expense incurred for the cleanup of the property to be $59,516.43.[9]

For the foregoing reasons, we find no merit to Mr. Burton and Burton Trucking's Issues on Appeal relative to the trial court's award of property damage. Bayou was entitled to recover this element of damages by operation of law, despite the lack of a written contract. Additionally, the record contains a reasonable factual basis for the amount awarded by the trial court. We, therefore, affirm that

---

[9]The trial court's calculation of $3,116.43 contained in its written reasons is a mathematical error which resulted in the judgment containing a formal award of $59,116.43, instead of $59,516.43. Regardless, this indicates that the trial court in fact made no award for past due rent, and the error in calculation actually inured to the benefit of Mr. Burton and Burton Trucking.

portion of the judgment in favor of Bayou against Mr. Burton and Burton Trucking for property damage.

**WRIT OF SEQUESTRATION**

The remaining Issues on Appeal, numbers one and four, address the trial court's denial of the claims asserted by Mr. Burton and Burton Trucking in the reconventional demand. For the reasons that follow, we likewise find no merit to these contentions.

On July 8, 2008, Bayou sent a notice to vacate, via certified mail, to Mr. Burton and Burton Trucking. Therein, Bayou advised that their right of occupancy was being terminated and that the property must be vacated within five days. The notice was received by and signed for by Helen Burton, Mr. Burton's wife. Mr. Burton denied ever seeing the letter; however, shortly thereafter, he removed certain property from the leased premises, including the 2001 Tank/Vacuum Trailer at issue. Mr. Doiron advised Mr. Burton that since there was a notice to vacate, Mr. Burton could not remove property from the premises without producing an insurance certificate protecting Bayou from a loss as a result of the removal of said property. Bayou obtained a writ of sequestration on October 19, 2009, and took possession of the 2001 Tank/Vacuum Trailer. In their reconventional demand, Mr. Burton and Burton Trucking contest the validity of the writ.

In the first Issue on Appeal, Mr. Burton and Burton Trucking contend that the trial court erred in failing to conduct an evidentiary hearing relative to the claims asserted in the reconventional demand. They claim that "[t]he court ignored [their] claim and never conducted a full evidentiary hearing[,] made no findings[,] nor ruled on the legality of the seizure of [the] vacuum work truck." However, this

10

assertion is not supported by the record. Instead, the record reflects that the trial court signed an order on November 28, 2009, ordering Bayou to show cause, on January 20, 2010, why the order of sequestration should not be vacated. That hearing was continued and was not re-fixed prior to trial. On June 30, 2011, counsel for Mr. Burton and Burton Trucking filed a Motion to Set Trial Date, and the matter was set for trial for August 11, 2011. Additionally, on the morning of trial, when questioned, counsel for Mr. Burton and Burton Trucking advised the trial court that she was ready to proceed "with the trial on the merits." Following the trial, the trial court found that Mr. Burton and Burton Trucking failed in their burden of proving the claims asserted in their reconventional demand. Therefore, we find no error by the trial court in failing to hold an evidentiary hearing as contended herein.

As addressed in the fourth Issue on Appeal, we also find no error in the trial court's substantive determination that the 2001 Tank/Vacuum Trailer was taken with judicial authority. Mr. Burton and Burton Trucking argue that Bayou "did not have a court order nor any legal documents that authorized the seizure of Clarence Burton['s] vacuum truck." We disagree.

The record contains an order of sequestration for the 2001 Tank/Vacuum Trailer dated October 19, 2009. According to the testimony of Mrs. Doiron, Mr. Burton had removed the trailer from the leased property and placed it on adjacent property, also belonging to Bayou, which was being leased to a church. Bayou then removed the trailer from this property and placed it at Bayou's company yard.

Louisiana Civil Code Article 2710 provides as follows:

The lessor may seize the movables on which he has a privilege while they are in or upon the leased property, and for fifteen days after

11

they have been removed if they remain the property of the lessee and can be identified.

The lessor may enforce his privilege against movables that have been seized by the sheriff or other officer of the court, without the necessity of a further seizure thereof, as long as the movables or the proceeds therefrom remain in the custody of the officer.

Pursuant to La.Civ.Code art. 2710, Bayou had the right to seize the 2001 Tank/Vacuum Trailer for fifteen days after its removal by Mr. Burton.

Although Mr. Burton and Burton Trucking dispute the authority of Bayou to take this action, they had the burden of establishing that the seizure was illegal. According to the testimony in the record, Mr. Burton and Burton Trucking were unable to establish at trial what year the trailer was sequestered and what year Bayou took the trailer. On the other hand, it was established that Mr. Burton had removed the 2001 Tank/Vacuum Trailer from the leased property on the same day that Bayou moved the trailer from the property being leased to the church to other property it owned. Clearly, Mr. Burton and Burton Trucking failed in their burden of proving that the writ of sequestration was not in effect during the relevant time period and/or that Bayou took possession of the movable more than fifteen days after the writ was issued. As the trial court noted, Mr. "Burton testified that he cannot say even what year the trailer was sequestered and what year [Bayou] took the trailer to [its] property."

Again, on this issue, the trial court was required to make credibility determinations. In its reasons for judgment, the court set forth what it found to be "the believable testimony[.]" After weighing the evidence, it concluded that Mr. Burton began removing items from the leased property after he received the notice to vacate. When Mr. Doiron learned that items were being moved, he told Mr. Burton that he could not do so without providing him with a certificate of

insurance. Additionally, the court correctly noted that, at trial, Mr. Burton was unable to testify with any relative certainty when the property was removed from the premises. For these reasons, we find no error in the trial court's ruling, granting ownership of the 2001 Tank/Vacuum Trailer to Bayou and dismissing the claims asserted by Mr. Burton and Burton Trucking in the reconventional demand.

## DECREE

For the reasons assigned, we affirm the judgment of the trial court in its entirety. Costs of this appeal are assessed to Clarence Burton Sr. and Burton Trucking Service, Inc.

**AFFIRMED.**